# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### APRIL SESSION, 1998

FILED

August 18, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| LARRY JUNIOR KEATON, | ) | C.C.A. NO. 01C01-9704-CR-00146 |
| | ) | |
| Appellant, | ) | |
| | ) | DEKALB COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. LEON BURNS, JR., JUDGE |
| STATE OF TENNESSEE | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**HENRY D. FINCHER**                    **JOHN KNOX WALKUP**
15 South Jefferson Avenue              Attorney General & Reporter
Cookeville, TN  38501

                                       **KAREN M. YACUZZO**
                                       Assistant Attorney General
                                       2nd Floor, Cordell Hull Building
                                       425 Fifth Avenue North
                                       Nashville, TN  37243

                                       **WILLIAM EDWARD GIBSON**
                                       District Attorney General

                                       **ANTHONY J. CRAIGHEAD**
                                       Assistant District Attorney General
                                       145 South Jefferson Avenue
                                       Cookeville, TN  38501

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Larry Junior Keaton, appeals the order of the Dekalb County Criminal Court dismissing his petition for post-conviction relief. Petitioner argues the following four (4) issues in this appeal:

> 1. Whether Petitioner's right to due process was violated by both the State not giving notice of its intent to dismiss a count in the indictment for the sale of a certain drug and by the State's reference to that certain drug during trial;
>
> 2. Whether the State's closing argument at trial was proper;
>
> 3. Whether the career offender statute is constitutional;
>
> 4. Whether the trial court erred in failing to instruct the jury as to a lesser included offense; and
>
> 5. Whether Petitioner's trial counsel was ineffective.

Petitioner was convicted at trial of one count of selling codeine, a Schedule III controlled substance. The trial court sentenced him to twelve (12) years as a career offender. On direct appeal, Petitioner alleged that the trial court erred in failing to charge the jury on simple possession, casual exchange, and missing witnesses. State v. Larry Keaton, C.C.A. No. 01C01-9308-CC-00265, Dekalb County (Tenn. Crim. App., Nashville, June 30, 1994). This Court rejected those claims, and Petitioner did not appeal to the supreme court. Id. Petitioner filed a pro se post-conviction petition raising numerous issues, and subsequently his appointed counsel filed an amended post-conviction petition. Following a hearing, the trial court denied his petition for post-conviction relief.

In its Rule 20 affirmance of Petitioner's direct appeal, this Court briefly relayed the facts of the instant case as follows: "A state trooper purchased twelve (12) pills

containing codeine and sixty-three (63) counterfeit pills which the defendant had presented as 'somas' for a total sale in the amount of ninety-eight dollars ($98). A confidential informant was present during these transactions, but the State did not call this witness to testify at trial."

Petitioner testified at the post-conviction hearing that he and Kathryn Bullard saw Terry Skinner when they went to buy beer. According to Petitioner, Skinner asked if they had any drugs and Petitioner told him that Bullard had some. Skinner said he did not have the money with him and asked if they would meet him in thirty minutes at the same location. Thirty minutes later, Skinner returned. "The best [Petitioner] can remember," Bullard counted out the pills and handed them to him, and then he handed them to Skinner. Skinner then gave Petitioner the money which he then passed to Bullard.

Regarding his trial counsel's alleged ineffectiveness, Petitioner testified at the hearing that he met with his attorney, Chris Cantrell, several times prior to trial. They discussed the facts of the case and the elements of the charged crimes. They also discussed calling both Skinner and Bullard as witnesses. When Petitioner asked Cantrell why he was not going to put Bullard on the stand, Cantrell said Bullard would do more harm than good. Petitioner testified that he thought Bullard would have testified that she received the proceeds from the sales. However, Petitioner did admit that Bullard could have testified that the entire transaction was Petitioner's idea.

Kathryn Bullard testified at the hearing that she and Petitioner were charged with selling Tylenol III's with codeine. Prior to Petitioner's trial, Bullard pled guilty to

-3-

simple possession. Bullard claimed at the hearing that Skinner approached her and Petitioner and wanted to know if they had any pills. Petitioner told Skinner that Bullard might have some and Skinner asked if he could meet them back in thirty minutes. According to Bullard, when the transaction took place, she was the one who took the money.

However, Bullard admitted that she made the following statement in her application for pretrial diversion: "Larry Keaton was driving my car and I was in the car with him. I do not know anything about the incident in question. I do not know what was going on." She later met with a probation officer regarding a presentence report and provided the following statement: "I was with my boyfriend, Larry Keaton, in my car. I didn't know what he was doing. I was at the wrong place at the wrong time. I was innocent of this incident. I have never been in any trouble before and I've always tried to lead a decent life."

Bullard testified that she met with Cantrell prior to trial, and that they discussed Petitioner's case. She told Cantrell that she would take the blame if she testified. Bullard admitted that she would have likely been impeached at trial had she testified.

Chris Cantrell, Petitioner's trial counsel, testified that he met with Petitioner at least 25 times prior to trial. Petitioner advised him that Bullard would take the blame if permitted to testify. Cantrell asked Petitioner if Bullard would be testifying truthfully, and Petitioner said that she would not. Cantrell stated that he did not call her as a witness because he did not wish to present perjured testimony. Cantrell did attempt to use Bullard as a scapegoat at trial, in essence blaming her for the entire transaction.

Cantrell, Petitioner, and the State all attempted to locate Skinner, but he could not be found because he had fled the county. Cantrell did, however, obtain a copy of Skinner's criminal record and questioned Trooper Wilbanks, the undercover police officer, about it during cross-examination.

Cantrell further testified that Petitioner was originally charged with two crimes, but that the count regarding the sale of Somas was nolled on the day of trial. At that point, he had already submitted his proposed jury instructions to the court. Cantrell agreed that the State periodically referred to the sale of Somas during the trial. He testified that he did not object to these references because he did not want to draw any unnecessary attention to them. He said he believed the references to Somas "just went right over everyone's head."

I.

A. Nolled Charge

Petitioner was originally charged with two counts, the first being the sale of Codeine, a Schedule III controlled substance, and the second being the sale of Somas, a Schedule IV controlled substance. Tenn. Code Ann. §§ 39-17-417(a)(3); 39-17-423(a)(1). At some point prior to trial, the State notified Petitioner's trial counsel that it had nolled the second count as to the sale of Somas.

Petitioner argues that the State's notice was untimely. However, Petitioner did not raise this issue in his direct appeal, and his failure to do so constitutes a waiver of this issue. Tenn. Code Ann. § 40-30-206(g). Even if we deem this issue as not waived, it is still without merit. Petitioner failed to present any proof at the post-

conviction hearing of how his trial was prejudiced by this alleged error. Petitioner focused on the ineffectiveness claim at the hearing, so the court's ruling only addressed the ineffectiveness claim and a few others. The trial court did not even address this issue. In fact, when the court asked Petitioner's counsel if there were any other issues that required a ruling, counsel replied in the negative. In support of his argument, Petitioner refers to Rule 45(c) of the Tennessee Rules of Criminal Procedure. That rule states that a person who files a motion requiring a hearing must serve the motion on opposing counsel no later than five days before the time specified for the hearing. This rule is not applicable to this case. Petitioner fails to cite any other authority for the proposition that the State is required to dismiss a charge by a certain date. This issue is without merit.

B. State's References to Somas

During the trial, the State referred to the sale of Somas, even though that count had actually been dismissed. Petitioner now complains that the references to Somas during trial and during closing argument were improper. However, again, Petitioner did not raise this issue on direct appeal, and therefore, it is deemed waived. Tenn. Code Ann. § 40-30-206(g).

II.

Petitioner argues that the State improperly commented on his failure to testify when during closing argument the State referred to the officer's "unrebutted testimony." The State asserts in its brief that this issue has been previously

determined and is therefore not cognizable in this petition.  See Tenn. Code Ann. §

40-30-206(h).  Specifically, it appears that Petitioner raised this issue in his motion

for a new trial.  We can resolve this issue against Petitioner as this Court has

consistently held that such arguments as the one made by the State in the instant

case are not improper.  See, e.g., Tune v. State, C.C.A. No. 01C01-9412-CC-00423,

Marshall County (Tenn. Crim. App., Nashville, Oct. 31, 1995), perm. to appeal

denied (Tenn. 1996).

III.

Petitioner asserts that the career offender statute is unconstitutional.

Petitioner did not raise this issue at trial, on direct appeal, or even at the post -

conviction hearing.  It has therefore been waived.  Tenn. Code Ann. § 40-30-206(g)

and -210(f).

IV.

Petitioner next asserts that the trial court erred in failing to instruct the jury on

the charge of facilitation of a felony.  We agree with the court's finding at the post-

conviction hearing that this is not an issue for post-conviction relief since it is not an

abridgment of any constitutional right.  Tenn. Code Ann. § 40-30-203; see also

Overton v. State, 874 S.W.2d 6, 12 (Tenn. 1994).  Furthermore, even if this issue

was proper, Petitioner has waived this issue by failing to raise it at trial or on direct

appeal.  Tenn. Code Ann. § 40-30-206(g) and -210(f).

V.

Petitioner argues that his trial counsel was ineffective in five instances: (1) for failing to discover "the supposed informant used in this case;" (2) for failing to locate Kathryn Bullard in time for trial; (3) for failing to demand an instruction on the lesser-included offense of facilitation of a felony; (4) for failing to object to the State's references to "unrebutted testimony" during its closing argument and for failing to argue for jury nullification; and (5) for failing to object to testimony regarding Somas.

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994) (citation omitted).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at

the time they were made in light of all facts and circumstances. <u>Strickland</u>, 466 U.S. at 690; <u>see</u> <u>Cooper</u>, 849 S.W.2d at 746.

In determining whether this Petitioner has satisfied these requirements, this Court must give the findings of the trial court the weight of a jury verdict, and the judgment of the trial court will not be reversed unless the evidence contained in the record preponderates against the findings of fact made by the trial court. <u>State v. Buford</u>, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

We have reviewed Petitioner's various claims and we find that Petitioner has failed to present any evidence that shows that his attorney represented him in any other manner than competently. As to his first complaint, Petitioner's counsel testified at the post-conviction hearing that he, Petitioner, and the State searched for the informant, who had fled the county, and that nobody could locate him. Petitioner's counsel nonetheless used the informant's criminal record at trial to impeach the officer who testified on behalf of the State. Petitioner did not call this informant as a witness at his post-conviction hearing, so there is no record of his expected testimony. Therefore, Petitioner cannot prove that he was prejudiced by the informant's absence at trial.

As to his next claim regarding Kathryn Bullard, Petitioner's trial counsel testified that he did not call her as a witness because she intended to perjure herself. Bullard wanted to testify at Petitioner's trial and take full responsibility for the drug sale. However, when Petitioner's counsel asked Petitioner if Bullard's testimony would be truthful, he responded negatively. In fact, in the presentence report and in her request for pretrial diversion, Bullard denies any involvement in the sale.

Petitioner's counsel was certainly not ineffective for failing to call a witness who intended to perjure herself.

In Petitioner's claim that his counsel was ineffective for failing to demand an instruction on a lesser-included offense, the Tennessee Supreme Court has held, as mentioned previously in this opinion, that such a complaint is not cognizable in a post-conviction petition. See Overton, 874 S.W.2d 6. Moreover, the court reasoned that "to allow every error committed by the trial court to be recast in a post conviction petition as an ineffective assistance of counsel allegation would be to subvert the limited purposes of the post conviction procedure." Id. at 12.

Petitioner also claims that counsel was ineffective for failing to object to the State's references to "unrebutted testimony" during its closing argument and that counsel was ineffective for failing to argue for jury nullification. Petitioner did not present any evidence regarding either of these issues at the post-conviction hearing and has, therefore, failed to show that he was prejudiced in any way by these actions.

Lastly, Petitioner claims that his counsel was ineffective for failing to object to testimony regarding Somas. Petitioner's counsel testified at the post- conviction hearing that he made a tactical decision not to object to the references because he did not want to draw attention to them. Even if this was a poor tactical decision, Petitioner is still not entitled to relief because he has failed to show how he was prejudiced. The court stated at the post conviction hearing that "he [Petitioner's counsel] did not object believing that it was part of the transaction and that it did not have any impact on the jury and it was part of the strategy, and I see no fault in that.

It was a pretty clear cut kind of a sale. There wasn't any question that a sale transpired."

The trial court further stated in its ruling that "there's [no] showing here that there's any deficiency to begin with and any judgment calls that counsel may have made in this Court's opinion did not prejudice the defendant's defense in the case and I believe he received a fair trial." We agree with the trial court's findings. The evidence contained in the limited record does not preponderate against the trial court's finding that Petitioner received the effective assistance of counsel. This issue is without merit.

Based on all the foregoing, we affirm the trial court's dismissal of Petitioner's petition for post-conviction relief.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
L. T. LAFFERTY, Special Judge